**NANCY P. DOUMANIAN, ESQ., SBN: 168925**
**DOUMANIAN & ASSOCIATES**
**837 South Fair Oaks Avenue, Suite 200**
**Pasadena, California 91105**
**Telephone:  (626) 795-5802**
**Facsimile:   (626) 795-5832**
**Email:         nancy@doumanianlaw.com**

Attorneys for Plaintiff,
ROMIK AMIRIAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMIK AMIRIAN,<br><br>              Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE, UNITED STATES POSTAL SERVICE, SEBASTIAN REYES, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>              Defendants. | CASE NO.<br>*[Assigned to the Honorable _____]*<br><br>**CIVIL COMPLAINT FOR DAMAGES FOR:**<br><br>**(1)  Cause of Action for Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Disparate Treatment) codified in 42 U.S.C. Section 1983;**<br>**(2)  Cause of Action for Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Sexual Harassment) codified in 42 U.S.C. Section 1983;**<br>**(3)  Cause of Action for Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Hostile Work Environment) codified in 42 U.S.C. Section 1983;**<br>**(4)  Cause of Action for Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Retaliation) codified in 42 U.S.C. Section 1983;**<br>**(5)  Cause of Action for Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Wrongful Termination) codified in 42 U.S.C. Section 1983;** |

- 1 -
CIVIL COMPLAINT FOR DAMAGES

**(6)** **Cause of Action for Violation of 42 U.S.C. 2000e (Civil Rights in Employment);**

**(7)** **Cause of Action for Violation of Sections 102 and 103 of the Civil Rights Act of 1991 (Equal Rights Under the Law) codified in 42 U.S.C. Section 1981 and 1981a;**

**(8)** **Cause of Action for Wrongful Termination in Violation of Public Policy under California Laws;**

**(9)** **Cause of Action for Disparate Treatment Under Government Code Section 12940;**

**(10)** **Cause of Action for Retaliation Under Government Code Section 12940(h);**

**(11)** **Cause of Action for Negligent Infliction of Emotional Distress;**

**(12)** **Cause of Action for Intentional Infliction of Emotional Distress;**

**(13)** **Cause of Action for Violation of California Labor Code 1102.5 – Whistleblower Claims; and**

**(14)** **Cause of Action for Sexual Battery.**

**[DEMAND FOR JURY TRIAL]**

*COMES NOW Plaintiff ROMIK AMIRIAN* and for his causes of action against *Defendants MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE, UNITED STATES POSTAL SERVICE, SEBASTIAN REYES, AND DOES 1 THROUGH 100 INCLUSIVE,* hereby alleges, contends, and states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action given that the defendant is a federal government employer and pursuant to 28 U.S.C. Section 1331, as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claims arise under the Civil Rights Statutes

codified in Title VII of the Civil Rights Act, 42 U.S.C. 1983, 42 U.S.C. 2000e and 28 U.S.C 1391, over which the Federal Courts have jurisdiction to enforce. This Honorable Court is also respectfully requested to exercise its discretion and exercise supplemental/ancillary jurisdiction over various state law claims presented here all of which are substantially related to the original federal claims.

**VENUE**

2.      Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391(b) because the acts, events, incidents, conduct, commentary, or omissions giving rise to the claims all occurred within this District.

**PARTIES**

3.      At all times mentioned herein, Plaintiff ROMIK AMIRIAN, was and is an individual over the age of eighteen years, and residing in the County of Los Angeles, State of California. The plaintiff is a heterosexual male. The plaintiff's claims stem from damages arising out of his unlawful and wrongful termination, harassment, retaliation and discrimination on the basis of his sex and gender, harassment and discrimination on the basis of his sexual orientation and sexual identity, and sexual harassment by a supervisor at work, hostile work environment, retaliation, whistleblower violations and other claims, all in violation of federal and state civil rights statutes cited herein and other actionable conduct by the defendants.

4.      At all times mentioned herein, Defendant MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE [hereinafter referred to herein collectively, alternatively or interchangeably as "Defendants", "Employer", "Management', or "Defendant Employer"] is a federal government agency, and was the plaintiff's "employer" at all times referenced in this action.  At all times herein, the employer defendant acted through its managers, supervisors (including defendant REYES), superiors, postal office chain of command, and other equally situated representatives in their dealings with and decisions regarding plaintiff.

- 3 -
CIVIL COMPLAINT FOR DAMAGES

These individuals were acting within the course and scope of their employment for this employer. These individuals were managing agents for the employer at all times referenced herein. The defendant employer was subject to suit under federal and state laws, under the employer's EEO policies, procedures, and under the guidelines of the Equal Employment Opportunity Commission (EEOC) and enforced by the employer through Memorandum of Understanding with the Equal Employment Opportunities Commission.

5.     At all times mentioned herein, Defendant UNITED STATES POSTAL SERVICE [hereinafter referred to herein collectively, alternatively or interchangeably as "Defendants", "Employer", "Management', or "Defendant Employer"] is a federal government agency, and was the plaintiff's "employer" at all times referenced in this action.  At all times herein, the employer defendant acted through its managers, supervisors (including defendant REYES), superiors, postal office chain of command, and other equally situated representatives in their dealings with and decisions regarding plaintiff. These individuals were acting within the course and scope of their employment for this employer. These individuals were managing agents for the employer at all times referenced herein. The defendant employer was subject to suit under federal and state laws, under the employer's EEO policies, procedures, and under the guidelines of the Equal Employment Opportunity Commission (EEOC) as enforced by the employer through Memorandum of Understanding with the Equal Employment Opportunities Commission.

6.     At all times referenced herein, Defendant SEBASTIAN REYES (hereinafter "REYES", "Defendant REYES" or "defendant Supervisor REYES"), was the plaintiff's supervisor or a supervisor of the plaintiff and in the chain of command who had the ability to affect the terms and conditions of plaintiff's employment, including the ability to hire, fire and discipline plaintiff. Said individual defendant was acting within the course and scope of his employment for

- 4 -

CIVIL COMPLAINT FOR DAMAGES

the employer and was acting with full knowledge or ratification by the employer. This individual defendant was part of "management" as referenced herein and was the only or they key and material decision maker regarding the terms and conditions of plaintiff's employment with this employer. Plaintiff is informed and believes and based thereon contends that defendant REYES is a homosexual male, at all times referenced herein. Plaintiff is further informed and believes that defendant Reyes is the senior most person at plaintiff's work location and not only a supervisor in the chain of command but the ultimate supervisor in the plaintiff's workplace, and had the right, the power and the ability to hire employees, ensure that employees passed their probationary period, write up employees, discipline employees and fire employees assigned to that post office location that he supervised and managed.

7.     Plaintiff contends that there are other supervisors, managers or persons in the chain of command who had the ability to affect the terms and conditions of his employment. These individuals were acting within the course and scope of their employment for this employer and were acting with full knowledge or ratification by the employer. These individuals were a part of "management" or "supervisors" as referenced herein and were decision-makers in regards the terms and conditions of plaintiff's employment. Plaintiff cannot recall or is presently unaware of the names of each of these supervisors or persons in the chain of command but will amend this Civil Complaint to identify said individuals, if or when doing so becomes necessary or as otherwise required by the Court.

8.     Plaintiff sues fictitious Defendants DOES 1 through 100, inclusive pursuant to *Federal Rules of Civil Procedure, Rule 20*, because their names and/or capacities are not presently known.  Plaintiff will amend the Complaint when such facts become known.  Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's harms, injuries and

CIVIL COMPLAINT FOR DAMAGES

damages were legally and/or proximately caused thereby. Moreover, the acts committed by the defendant employer as described herein were duly authorized, ratified and directed by its officers, directors and managing agents. Additionally, the defendant employer participated in the actions and decisions of its employees and managing agents as described herein, and ratified and accepted the benefits of such wrongful actions and decisions. Hello and happy new year this is Nancy Doumanian I was referred to by Alan Nicolette are you still doing investigative work?

9.     Plaintiff timely and properly initiated and participated in the employer's EEO process. Plaintiff properly and timely complied with and exhausted his administrative remedies under EEOC guidelines and has complied with the EEO Process of the defendant employer prior to filing suit, elected to file this action, and now timely files this lawsuit as the case was not resolved through the employer's EEO process and was thus disposed of administratively so as to allow the plaintiff to proceed with this civil action before this Honorable Court.

10.     Plaintiff timely and properly exhausted his administrative remedies under the California Fair Employment and Housing Act, and he timely and properly filed a Complaint of Discrimination and received a right to sue letter. This civil lawsuit was thereafter timely filed.

11.     The plaintiff exhausted all administrative remedies through his Union regarding filing a grievance and exhausting all available remedies prior to the filing of this lawsuit. The grievance process was concluded. This lawsuit ensued.

12.     Here in this lawsuit there are a series of related and intertwined events, acts, actions, events, incidents, occurrence, "blows", fraud, deceit, decision making, policy violations, conduct and commentary occurring over a significant period of time, by the same actors or decision makers (i.e., defendant REYES), during which plaintiff was subjected to various harassing, sexually aggressive and unwanted, hostile, retaliatory, discriminatory and other unlawful acts during his

CIVIL COMPLAINT FOR DAMAGES

employment, which are a series of related acts perpetrated by the same supervisor (Defendant REYES). Plaintiff contends that all sexual harassment, discrimination and retaliation claims presented herein are timely. In the alternative, the plaintiff contends that the *Continuing Violation Doctrine* implicates tolling and allows for the imposition of liability for unlawful employer conduct occurring outside the statute of limitations period if it is sufficiently connected to unlawful conduct within the limitations period. Consistent with the language and purposes of the California *Fair Employment and Housing Act (Govt Code Section 12940 et seq.),* as well as under federal and other state laws. Liberally construing these matters, an employer's series of unlawful actions (here through defendant REYES) should be viewed as a single, actionable course of conduct if: (1) the actions are sufficiently similar in kind; (2) they occur with sufficient frequency; and (3) they have not acquired a degree of permanence so that employees are on notice that further efforts at informal conciliation with the employer would be futile. Plaintiff alleges and contends that here the actions of management, supervisors, superiors (defendant REYES), and other persons within the chain of command were similar in kind; that they occurred with sufficient frequency; and that they had not acquired any degree of permanence. To this end, the plaintiff was never on notice that further efforts at informal conciliation with the employer to end the harassment, discrimination and retaliation would be futile. Thus, all the claims, contentions and causes of action presented herein by the plaintiff are timely, proper, and warrant this Honorable Court's time and consideration.

13. Plaintiff contends that there were other heterosexual males at work who were similarly situated to plaintiff, in that they too were sexually harassed, targeted, and discriminated against by defendant REYES. This was the group of employees (which included plaintiff) that was targeted by defendant REYES for discipline, sham write ups and ultimately elimination from workplace and termination because they (like plaintiff) rejected and rebuffed Defendant REYES'

CIVIL COMPLAINT FOR DAMAGES

sexual advances and propositions.  This conduct was directed at the plaintiff and was also directed at other male employees in the presence of the plaintiff. Moreover, the plaintiff heard of or was otherwise aware of other male employees whom Defendant REYES had sexually harassed in a manner similar to his conduct and interactions with the plaintiff.

<u>**CHARGING FACTUAL ALLEGATIONS**</u>

14.    Plaintiff ROMIK AMIRIAN is hired on **JANUARY 28, 2017** to work as a Mail Carrier Assistant at the Burbank Post Office located at Hollywood Way, Burbank, California. During this time, the plaintiff is supervised by Defendant REYES who controls the plaintiff's job assignments, work duties, mail carrier assignments, rate of pay, available assignments, promotions, discipline, performance evaluations, days off, vacation time, job advancement, and every other material aspect of the plaintiff's job security, job duties and work assignments.

15.    During the period of **JANUARY 28, 2017 through JULY 8, 2019**, the plaintiff is subjected to unwelcome sexual advances and a sexually charged and hostile work environment in the form of sexual propositions, inappropriate text messages, sexual conduct and commentary, improper physical touching and groping, offensive and unwelcome physical touching, lewd gestures, sexually suggestive comments, sexual jokes, visits to his home and after work hours stalking, retaliation, punishment for rejecting sexual advances, placed on unpaid leave, all of which were perpetrated by Defendant REYES and directed at plaintiff. During this time frame the plaintiff is subjected to discrimination on the basis of his being a male (i.e., sex and gender) as well as on the basis of his sexual orientation and sexual identity (i.e., straight or heterosexual).

16.    In the year **2017**, and more specifically **between JANUARY 2017 and DECEMBER 2017**, Defendant REYES begins to initiate sexual advances and sexual propositioning towards the plaintiff. Plaintiff rejects these advances and

- 8 -

never indicates either in words or in conduct that the defendant's behavior is welcome or consensual. In this year, defendant REYES' sexual behavior is subtle, random, sporadic, discreet and isolated. Defendant REYES acts in a very passive aggressive manner in this time frame. While the defendant makes comments of a sexual nature and sexually propositions the plaintiff, the plaintiff ignores defendant REYES' conduct and his supervisor seems to "get the message" that the plaintiff is not interested in him. Plaintiff is a new employee at this time and is very eager and anxious to pass probation and to do well in his job given the opportunities working for the Post Office offers its workers. Knowing that the defendant is his supervisor and has the direct ability to insure he passes the probationary hiring period, to promote him, to ensure he keeps his job, to have him fired, the plaintiff remains silent in this time frame and does not complain to anyone at work about his supervisor REYES' offensive and sexually aggressive behavior towards him.

17. In the year **2018**, and more specifically **between JANUARY and DECEMBER 2017,** defendant REYES' sexual advances and sexual propositioning towards the plaintiff (and other men in the workplace) intensifies and become far more aggressive, direct and overt. Defendant REYES makes physical and verbal sexual propositions at work to the plaintiff when they were alone or in the presence or within earshot of others, the defendant sends inappropriate text messages to the plaintiff insisting on sexual encounters, the defendant asks to meet up with the plaintiff at his home or outside of work, the defendant asks to have sex at work, the defendant makes comments about the plaintiff's body. Additionally, defendant REYES makes clear that the plaintiff's submissions to these sexual advances and indecent proposals will ensure that plaintiff pass probation, keep his job and get promoted. With each sexual advance or sexual proposition, the plaintiff indicates to the defendant that he is not interested in engaging in any sexual relations with the supervisor, that he is not interested in men sexually nor is he homosexual, and that he just wants to keep and

- 9 -

CIVIL COMPLAINT FOR DAMAGES

do his job without any quid pro quo demands or other threats from Defendant REYES. In 2018, when plaintiff rejects the defendant REYES' sexual advances, and defendant REYES no longer takes "no" for an answer from the plaintiff, defendant REYES embarks on a campaign of terror and threats against the plaintiff intended to force him to quit or to come up with sham reasons to discipline plaintiff and thereby create a reason to fire him. In this time frame, defendant REYES' sexual propositioning and threats towards plaintiff become even more aggressive, intense, overt and direct.

18.    In the year **2019,** defendant REYES' sexual advances and propositions toward the plaintiff (and other men in the workplace) intensify with unrelenting aggression to an even greater degree than the preceding two years. The sexually inappropriate conduct and commentary by the defendant is now on virtually a daily basis and occurs during each of the plaintiff's work shifts. The defendant makes sexual propositions at work to the plaintiff when they are alone or even when in the presence or within earshot of others, intensifies and become far more aggressive, direct and overt. Defendant REYES makes physical and verbal sexual propositions at work to the plaintiff when they were alone or in the presence or within earshot of others, the defendant sends inappropriate text messages to the plaintiff insisting on sexual encounters, the defendant asks to meet up with the plaintiff at his home or outside of work, the defendant asks to have sex at work, the defendant makes comments about the plaintiff's penis, and the defendant follows plaintiff around in a stalker-like manner while plaintiff is working along his mail carrier route. Additionally, defendant REYES makes clear that the plaintiff's submissions to these sexual advances and indecent proposals will ensure that plaintiff keeps his job. With each sexual advance or sexual proposition, the plaintiff indicates to the defendant that he is not interested in engaging in any sexual relations with the supervisor, that he is not interested in men sexually nor is he homosexual, and that he just wants to keep and do his job without any quid pro

quo demands or other threats from Defendant REYES. In 2018, when plaintiff rejects the defendant REYES' sexual advances, and defendant REYES no longer takes "no" for an answer from the plaintiff, defendant REYES embarks on a campaign of terror and threats against the plaintiff intended to force him to quit or to come up with sham reasons to discipline plaintiff and create a reason to fire him. At this time, defendant REYES being to harshly criticize plaintiff's job performance and has disciplines him for what the defendant claims was poor job performance or violation of workplace rules.

19. On or about **JANUARY 22, 2019,** the plaintiff is involved in a work accident in which the side view mirror of plaintiff's postal vehicle taps the side view mirror of a parked vehicle. The property damage for this accident is minimal. The day preceding this accident, the plaintiff requests time off work for medical reasons involving his foot which made it difficult to drive a vehicle. Defendant REYES still insists that the plaintiff report to work and informs the plaintiff that he will give him "light duty" on the condition that the plaintiff "does something for" him. Fearing that he will lose his job, the plaintiff reports for work and delivers mail on an alternative mail route selected by REYES which involves more physical agility and lifting of heavier items as compared to plaintiff's regular mail carrier route. The defendant supervisor REYES was punishing plaintiff for continually rejecting his sexual advances and sexual propositioning. During his shift, the plaintiff is having difficulty walking and lifting heavy items required by this arduous route. The accident occurs close in time to the end of plaintiff's shift. The plaintiff immediately reports the accident to the defendant REYES who abruptly hangs up on him and offers no further instructions. Plaintiff then steps out of his vehicle and attempts to identify the owner of the parked vehicle. The plaintiff locates the owner of the vehicle who confirms that the vehicle side view mirror had minimal to no damage. The plaintiff then returns to the work site and closes out his shift. Defendant REYES ignores the plaintiff's requests to speak to him further

CIVIL COMPLAINT FOR DAMAGES

about the accident and fill out paperwork about the incident. The very next morning on **JANUARY 23, 2019**, the plaintiff is informed by Defendant REYES that he is being suspended effective immediately. Defendant REYES is now accusing the plaintiff of fleeing the scene of the accident and failing to report a work accident. This accusation by REYES is false and untrue.

20.     The plaintiff remains on a suspended status and on an unpaid leave from **JANUARY 23, 2019** through **JULY 8, 2019** at which time he is summarily fired. He is not given any logical or reasonable explanation for his termination. The plaintiff is on an unpaid status from **JANUARY 23, 2019** through **MARCH 1, 2019**. He receives his paychecks for the period of **MARCH 2, 2019** through **APRIL 12, 2019**. He next goes back into an unpaid status from **APRIL 13, 2019** through the date of his termination on **JULY 8, 2019**.  The plaintiff is given no explanation by REYES as to why his paid and unpaid leaves are being unilaterally dictated and changed by the employer, and no information as to why he is on a suspended status for such a significant period of time.

21.     On or about **FEBRUARY 1, 2019**, the plaintiff reports defendant REYES' sexual misconduct and sexual proclivities to Human Resources and Union Representatives at the employer.  In this time frame, plaintiff reaches out to the Employee Assistance Program given the severe and extreme emotional distress, psychological upset and mental anguish he is experiencing as a result of defendant REYES' harassment and retaliation towards him and the defendant's attacking every aspect of plaintiff's integrity and job performance.  In this time frame (while he is still on an unpaid suspended status but still an employee), the plaintiff formally initiates a complaint of sexual harassment, retaliation and discrimination as a result of defendant REYES' sexual conduct described in this lawsuit, and then the formal EEO process begins.  In the EEO process, the plaintiff is cooperative and is interviewed by the employer representatives. The plaintiff requests that he be reinstated and that he not be reassigned to a position where he is reporting to

- 12 -

defendant REYES. The employer representatives inform plaintiff they will investigate his allegations against defendant REYES but never follow up with him or give him any assurances that he is safe from further threats or harm by REYES and that he will not be retaliated against for coming forward.

22. On or about **FEBRUARY 1, 2019**, the plaintiff files a grievance with his union to grieve the suspension. The plaintiff also initiates the union grievance process related to his termination, which grievance is denied, and the union case is closed.

23. On or about **APRIL 14, 2019**, the plaintiff (while still on an unpaid suspended status) is notified by the employer that he becomes a permanent employee, that he has successfully passed his probationary period, and that he meets all other job requirements in order to become a permanent employee with the United States Post Office. This, while he was on an unpaid and suspended status. The plaintiff inquired with the Human Resources and EEO representatives of the employer about this issue but received no response or explanation.

24. During the EEO process with the employer, the plaintiff requested reinstatement to his position b he did not wish to report to REYES or work in the same location as REYES. The employer never informed the plaintiff about the outcome of the EEO investigation initiated by the plaintiff. The employer demands that the plaintiff resign from his employment, which plaintiff declined to do. While on a suspended status, and after he initiates and cooperates in the EEO process, the plaintiff is unlawfully and illegally terminated from his employment on **JULY 8, 2019** without any explanation or reason. The plaintiff is informed and believes, and based thereon contends, that defendant REYES' was the decision maker in plaintiff's firing and instigated the termination process in order to get rid of the plaintiff who continually rejected his sexual advances and sexual propositions, and to insure that his sexual proclivities in the work place did not become known to his supervisors or other management representatives of the

employer. The plaintiff's EEO Complaint is dismissed on or about **DECEBMER 26, 2019**, and this civil action timely and properly follows with the District Court.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (DISPARATE TREATMENT AND DISCRIMINATION ON THE BASIS OF SEX, GENDER, SEXUAL ORIENTATON AND SEXUAL IDENTITY) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL EMPLOYER DEFENDANTS AND DOES 1-100 INCLUSIVE.

25.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.     The statute, 42 U.S.C. Section 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects or causes to be subjected, any citizen of the Unites States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

27.     Title VII of the Civil Rights Act makes it unlawful to discriminate against someone on the basis of race, color, national origin, *sex* (including pregnancy and *gender identity*) or religion. Sex discrimination involves treating someone (an applicant or employee) unfavorably because of that person's sex. Discrimination against an individual because of gender identity or because of sexual orientation is discrimination because of sex in violation of Title VII.  The Act also makes it unlawful to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated

- 14 -
CIVIL COMPLAINT FOR DAMAGES

in an employment discrimination investigation or lawsuit. Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

28. Plaintiff alleges that the defendant's management, supervisors, superiors and chain of command were acting under color of law at all times referenced herein. Plaintiff further alleges that the defendant's acts, omissions, decisions, actions, retaliation, harassment and mistreatment of him in the workplace deprived the plaintiff of his rights, privileges and immunities secured by the Constitution and laws, including the right to be free from gender discrimination and sexual harassment in the work place. Plaintiff further alleges that there existed a custom and practice at this place of employment of "*covering up*" egregious misdeeds by supervisors directed at their subordinates and more specifically those misdeeds related to complaints of sexual harassment in the workplace. These matters were routinely "*swept under the rug*" as it was here. These unlawful practices should end.

29. The plaintiff is bringing claims for employment harassment, retaliation and discrimination against the defendants. The plaintiff contends that his sex, gender, sexual orientation and sexual identity were either the sole reason or a motivating factor for the defendant's REYES' decision to engage in adverse employment actions against him, the ultimate adverse action being plaintiff's termination. The plaintiff furthers claims that these adverse employment actions were not based on any lawful reasons or in any way related to any legitimate business necessity.

30. The plaintiff further alleges as follows: (1) that plaintiff was subjected to various adverse employment actions by the defendants culminating in his termination; (2) that plaintiff was subjected to various adverse employment actions

CIVIL COMPLAINT FOR DAMAGES

by the defendants culminating in his firing solely because of sex, gender, his being a heterosexual male, his sexual orientation and sexual identity.

31. As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff' wrongful and unlawful termination.

32. Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**SECOND CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (SEXUAL HARASSMENT) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

33. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Title VII of the Civil Rights Act of 1964 prohibits sexual harassment in the workplace and provides that it is unlawful to harass a person (an applicant or employee) because of that person's sex. Harassment can include "sexual

- 16 -
CIVIL COMPLAINT FOR DAMAGES

harassment" or unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

35. The plaintiff seeks damages against the defendants for sexually offensive conduct and commentary by defendant REYES that was unlawful sexual harassment in the workplace. The plaintiff claims that defendant REYES subjected him to sexual harassment and further alleges and contends as follows: (1) that the plaintiff was an employee of the defendant; (2) that defendant REYES made unwanted sexual advances towards the plaintiff and engaged in other unwanted verbal or physical conduct of a sexual nature; (3) that the terms of employment, job benefits or favorable working conditions were made contingent, by words or conduct, on the plaintiff's acceptance of defendant REYES sexual advances or conduct; (4) that at the time of his conduct, defendant REYES was plaintiff's supervisor or an agent for the defendant employer and United States Postal Service; (5) that the plaintiff was harmed; and (6) that defendant REYES' conduct was a substantial factor in causing the plaintiff's harm.

36. As a direct and legal result of the unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff's wrongful and unlawful termination.

///

///

CIVIL COMPLAINT FOR DAMAGES

37.    Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**THIRD CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

38.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.    The plaintiff seeks damages against the defendants for the conduct of defendant REYES who created a sexually charged and hostile work environment in the workplace. The plaintiff further alleges and contends as follows: (1) that plaintiff was subjected to sexual harassment by defendant REYES that created a hostile work environment in the work place; (2) the conduct was unwelcome; (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive or hostile work environment; (4) the plaintiff perceived the work environment to be abusive or hostile; and (5) a reasonable person in the plaintiff's circumstances would consider the work environment to be abusive or hostile.

40.    As a direct and legal result of these unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and

detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff's wrongful and unlawful termination.

41.    Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**FOURTH CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

42.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    Title VII of the Civil Rights Act of 1963 prohibits discrimination in the work place. These laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment.  Asserting these EEO rights is called "protected activity," and it can take many forms.  For example, it is unlawful to retaliate against applicants or employees for: filing or being a witness in an EEO charge, complaint, investigation, or lawsuit, communicating with a supervisor or manager about employment discrimination, including harassment, answering questions during an employer investigation of alleged harassment, refusing to follow orders that would result in discrimination, resisting sexual advances, or intervening to protect others, requesting accommodation of a disability or for a religious practice, asking managers or co-workers about salary information to uncover potentially discriminatory wages.  Participating in a complaint process is protected from retaliation under all circumstances. Other acts to oppose discrimination are protected as long as the employee was acting on a reasonable belief that something

in the workplace may violate EEO laws, even if he or she did not use legal terminology to describe it.

44. The plaintiff seeks damages against the defendants for retaliation. The plaintiff contends as follows: (1) the plaintiff participated in activities protected under federal law [i.e., rejecting his supervisor's sexual advances, filing a sex/gender/sexual orientation/sexual identity discrimination complaint, initiating the EEO process, objecting to mistreatment in the work place, union activities, and other whistleblowing;] (2) that the employer subjected plaintiff to adverse employment actions including but not limited to a suspension and ultimately termination; (3) that plaintiff was subjected to the adverse employment actions because of his rejection of his supervisor's sexual advances, his participation in protected activity, his opposition to unlawful employment practice.

45. As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff' wrongful and unlawful termination.

46. Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

///

CIVIL COMPLAINT FOR DAMAGES

///

///

**FIFTH CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (WRONGFUL TERMINATION) CODIFIED IN 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

47.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46 of this Complaint as though fully set forth herein

48.    The plaintiff seeks damages against the defendants for wrongful termination.  The plaintiff contends as follows: (1) the plaintiff participated in activities protected under federal law [i.e., rejecting his supervisor's sexual advances, filing a sex/gender/sexual orientation/sexual identity discrimination complaint, initiating the EEO process, objecting to mistreatment in the work place, union activities, and other whistleblowing;] (2) that the employer subjected plaintiff to adverse employment actions including but not limited to a suspension and ultimately termination; (3) that plaintiff was subjected to the adverse employment actions because of his rejection of his supervisor's sexual advances, his participation in protected activity, his opposition to unlawful employment practice.

49.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that

CIVIL COMPLAINT FOR DAMAGES

he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff' wrongful and unlawful termination.

50.     Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 USC SECTION 2000e (CIVIL RIGHTS IN EMPLOYMENT) AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

51.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. The law, and more specifically 42 USC Section 2000e, provides as follows:  It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex*, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, *sex,* or national origin.

53.     The plaintiff seeks damages against the defendants for the conduct of defendant REYES who created a sexually charged and hostile work environment in the workplace. The plaintiff further alleges and contends as follows: (1) that plaintiff was subjected to sexual harassment by defendant REYES which created a hostile work environment in the work place; (2) the conduct was unwelcome; (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive or hostile work environment; (4) the

CIVIL COMPLAINT FOR DAMAGES

plaintiff perceived the work environment to be abusive or hostile; and (5) a reasonable person in the plaintiff's circumstances would consider the work environment to be abusive or hostile. The plaintiff contends that defendant REYES' conduct and the employer's acts and omissions ratifying that conduct were based on the plaintiff's sex, gender, sexual identity and sexual orientation in violation of 42 USC Section 2000e.

54.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff' wrongful and unlawful termination.

55.    Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF SECTIONS 102 AND 103 OF THE CIVIL RIGHTS ACT OF 1991 (EQUAL RIGHTS UNDER THE LAW) CODIFIED IN 42 U.S.C. SECTION 1981 AND 1981a AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.**

56.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. The Civil Rights Act of 1866, Section 1981(a) provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. The plaintiff contends that his civil rights were violated, and he was denied the full and equal benefits of all laws and proceedings given defendant REYES' conduct and the employer's response and ratification of REYES' unlawful and harassing acts.

58. As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff's wrongful and unlawful termination.

59. Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

///

///

///

- 24 -
CIVIL COMPLAINT FOR DAMAGES

## EIGHTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY UNDER CALIFORNIA LAWS AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.

60.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     Plaintiff claims he was discharged and terminated from his employment for reasons that violate a public policy.  Plaintiff contends as follows: (1) that he was employed by defendants; (2) that defendants discharged and terminated the plaintiff; (3) that plaintiff's complaints about defendant REYES' sexual harassment, retaliation and discrimination in the workplace was a substantial motivating reason for the plaintiff's discharge and termination; and (4) that plaintiff's discharge caused him harm.  Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., unfair and excessive job performance criticism, negative performance appraisals, sham write ups, sham accusations of violation of work policies and rules, accusations of fleeing the scene of an accident in a work vehicle, suspended with pay, suspended without pay, being the subject of sham workplace investigation, participating in a sham EEO process] the final and fatal adverse employment action being the plaintiff's wrongful termination.

62.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his

damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff's wrongful and unlawful termination.

63.     Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

## NINTH CAUSE OF ACTION FOR DISPARATE TREATMENT UNDER CALIFORNIA GOVERNMENT CODE SECTION 12940(a) AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.

64.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65.     Plaintiff claims that the defendants wrongfully discriminated against him in violation of *California Government Code Section* 12940(a).  Plaintiff further alleges as follows: (1) that the defendants were the employer; (2) that plaintiff was an employee of defendants; (3) that the defendant employers subjected plaintiff to discrimination and harassment on the basis of his sex, gender, sexual identity and sexual orientation; (4) that the plaintiff's sex, gender, sexual identity and sexual orientation were substantial motivating reasons for the defendant employers' decision to treat plaintiff differently from other similarly situated employees and/or to discharge the plaintiff; (5) that plaintiff was harmed; (6) that the defendants' conduct was a substantial factor in causing the plaintiff's harm.

66.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and

- 26 -

all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions as identified in this lawsuit, the final and fatal blow being the plaintiff's wrongful and unlawful termination.

67.	Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

## TENTH CAUSE OF ACTION FOR RETALIATION UNDER CALIFORNIA GOVERNMENT CODE SECTION 12940(h) AGAINST ALL DEFENDANTS AND DOES 1-100 INCLUSIVE.

68.	Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.	The plaintiff further contends as follows: (1) That the plaintiff's claim that he was retaliated against on the basis of his sex, gender, sexual identify and sexual orientation, for complaining about a sexually charged and hostile work environment, and for other related matters; (2) That the defendants engaged in various adverse actions against the plaintiff or subjected plaintiff to various adverse employment actions; (3) That plaintiff's protected activity was a substantial motivating reason for the defendant's decision to terminate plaintiff and/or to engage in other adverse employment actions against plaintiff; (4) that plaintiff was harmed; and (5) that the defendant's decision to discharge plaintiff and engage in other adverse employment actions against him was a substantial factor in causing plaintiff's harm.

CIVIL COMPLAINT FOR DAMAGES

70.     As a direct and legal result of defendants' unlawful employment practices as alleged above, plaintiff suffered and continue to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial.

71.     Plaintiff is entitled to any and all compensatory damages, punitive damages, statutory damages, costs, attorney's fees and all other damages, injuries and harms as provided by law.

**ELEVENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT SEBASTIAN REYES AND DOES 1-100 INCLUSIVE.**

72.     The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 71 of this Complaint as though fully set forth herein

73.     Plaintiff alleges that defendants' conduct as alleged herein caused them to suffer serious emotional distress.  The plaintiff further contends as follows: (1) that the defendant REYES was negligent; (2) that the plaintiff suffered serious emotional distress; and (3) that the defendant REYES' negligence was a substantial factor in causing plaintiff serious emotional distress.

74.     As a direct and legal result of defendant REYES' conduct, plaintiff suffered and continue to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include

- 28 -
CIVIL COMPLAINT FOR DAMAGES

but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by plaintiffs, all to his damage and detriment, in a sum according to proof at trial.

75.   As a direct and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, humiliated and aggravated.  Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum according to proof at trial.

## TWELFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT SEBASTIAN REYESS AND DOES 1-100 INCLUSIVE.

76.   The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 75 of this Complaint as though fully set forth herein

77.   Plaintiff alleges that the acts, omissions, and conduct of defendants, as alleged above, and as authorized or subsequently ratified by defendant **EMPLOYER**, caused plaintiff to suffer severe and extreme emotional distress.  At all times relevant, the acts, omissions to act, and conduct of defendant REYES and each of them, directed towards or in relation to the plaintiff was extreme and outrageous and beyond what is tolerated in a civilized society.  At all times relevant, defendant REYES, either intended to cause plaintiff emotional distress, or acted with reckless disregard of the probability that plaintiff would suffer emotional distress.

78.   Plaintiff suffered severe emotional distress, and defendant REYES' acts and omissions were a substantial factor in causing plaintiff's damages.

79.   Plaintiff contends that in committing the herein described acts, defendant REYES acted with malice, oppression and with conscious disregard of

plaintiff's rights and/or the reckless probability that his conduct would cause plaintiff's harm.  Plaintiff is entitled to any and all compensatory, statutory, and punitive damages recoverable under law as against defendant REYES.

80.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by plaintiff all to his damage and detriment, in a sum according to proof at trial.

81.    As a direct and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, humiliated and aggravated.  Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum according to proof at trial.

**THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5 AGAINST ALL DEFENDANTS AND DOES 1 - 100 INCLUSIVE.**

82.    The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83.    Plaintiff claims that the defendant employer discharged or engaged in other adverse employment action against him in retaliation for his disclosure of information of/refusal to participate in an unlawful act and his complaints about sexual harassment, retaliation and discrimination by defendant REYES. Plaintiff further alleges and contends as follows: (1) That defendant was the employer of

each of the plaintiff; (2) that defendant believed that plaintiff had disclosed/might disclose to a government agency/law enforcement agency/person with authority over plaintiff or an employee with authority to investigate, discover, or correct legal violations/noncompliance in regards to failure sexual harassment, retaliation and discrimination in the workplace; or that plaintiff had reasonable cause to believe that the information disclosed a violation of a state/federal statute, violation of/noncompliance with a local/state/federal rule or regulation; or plaintiff had reasonable cause to believe that the information provided to/testimony before the public body disclosed a violation of a [state/federal] statute/a violation of/ noncompliance with a local/state/federal rule or regulation; (4) defendants discharged or engaged in other advise employment action against plaintiff; (5) that plaintiff's disclosure of information was a contributing factor in defendant's decision to discharge/or engage in other adverse employment action towards each plaintiff; (6) that plaintiff was harmed; and (7) that the defendant's conduct was a substantial factor in causing plaintiff's harm.

84. As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by each plaintiff, all to his damage and detriment, in a sum according to proof at trial.

85. Plaintiff is entitled to any and all compensatory, statutory damages and punitive damages recoverable under law.

///

///

- 31 -

CIVIL COMPLAINT FOR DAMAGES

**FOURTEENTH CAUSE OF ACTION FOR SEXUAL BATTERY AGAINST DEFENDANT SEBASTIAN REYES AND DOES 1 - 100 INCLUSIVE.**

86.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87.     Plaintiff claims that defendant REYES committed a sexual battery. The plaintiff further contends as follows: (1) defendant REYES intended to cause a harmful or offensive contract with plaintiff's sexual organ, and a sexually offensive contact with plaintiff resulted directly or indirectly, or that defendant REYES intended to cause a harmful or offensive contact with the plaintiff by use of defendant's sexual organs and a sexually offensive contact with the plaintiff resulted directly or indirectly, or that defendant caused an imminent fear of a harmful or offensive contact with the plaintiff's sexual organs by use of his sexual organs in a sexually offensive contact with the plaintiff resulted directly indirectly; (2) that the plaintiff did not consent to the touching; and (3) that the plaintiff was harmed or offended by defendant REYES' conduct.

88.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by each plaintiff, all to his  damage and detriment, in a sum according to proof at trial.

- 32 -
CIVIL COMPLAINT FOR DAMAGES

89.   Plaintiff is entitled to any and all compensatory, statutory damages and punitive damages recoverable under law.

# **PRAYER**

*WHEREFORE, PLAINTIFF ROMIK AMIRIAN* hereby seeks judgment against defendants, and each of them, for:

(1)   All actual consequential and incidental losses, including but not limited to, loss of income and benefits, according to proof, together with prejudgment interest and post-judgment interest;

(2)   All non-economic or general damages in an amount according to proof;

(3)   All economic or special damages in an amount according to proof;

(4)   Punitive damages in amounts sufficient to punish and to deter defendant REYES;

(5)   For reinstatement to his former position with this employer at the same rate of pay, title and job classification;

(6)   For all back pay and wages and wages during his period of unpaid leave/suspension;

(7)   For all statutory damages available;

(8)   For reasonable attorney's fees;

(9)   For costs of suit herein incurred;

(10)   For reinstatement to his job at the post office; and

(11)   For such other and further relief as the Court deems proper.

///

///

///

///

///

- 33 -

///

///

DATED:  January 27, 2020          *DOUMANIAN & ASSOCIATES*


By: /s/Nancy P. Doumanian
NANCY P. DOUMANIAN, ESQ.
Attorneys for Plaintiff,
ROMIK AMIRIAN
Email: nancy@doumanianlaw.com

- 34 -

CIVIL COMPLAINT FOR DAMAGES

## **<u>DEMAND FOR JURY TRIAL</u>**

The plaintiff ROMIMK AMIRIAN hereby respectfully requests and demands a trial by jury.

DATED:  January 27, 2020          *DOUMANIAN & ASSOCIATES*

By: /s/Nancy P. Doumanian
       NANCY P. DOUMANIAN, ESQ.
       Attorneys for Plaintiff,
       ROMIK AMIRIAN
       Email: nancy@doumanianlaw.com

- 1 -
CIVIL COMPLAINT FOR DAMAGES